The STATE of Ohio, Appellee,

v.

HENTON, Appellant.

[Cite as *State v. Henton* (1997), 121 Ohio App.3d 501.]

Court of Appeals of Ohio,
Eleventh District, Ashtabula County.

No. 96–A–0015.

Decided July 14, 1997.

502

*Thomas L. Sartini,* Ashtabula County Prosecuting Attorney, and *Ariana Tarighati,* Chief Assistant Prosecuting Attorney, for appellee.

*Kelly N. Grigsby,* for appellant.

WILLIAM M. O'NEILL, Judge.

Defendant-appellant, Billy Joe Henton, appeals from the judgment and imposition of sentence rendered by the Ashtabula County Court of Common Pleas upon a jury verdict finding appellant guilty on two counts of aggravated trafficking in drugs with a prior felony drug abuse conviction, in violation of R.C. 2925.03(A)(1), a felony of the second degree. For the reasons that follow, we reverse the judgment of the trial court and remand for further proceedings consistent with this opinion.

On May 13, 1995 and July 13, 1995, agents of the Ashtabula County Narcotics Task Force ("ACNTF"), with the assistance of a confidential informant, conducted controlled drug buys in the area of West 32d Street in Ashtabula, Ohio. As a result of this operation, appellant, on August 15, 1995, was indicted on two counts of aggravated trafficking in drugs in violation of R.C. 2925.03(A)(1). The level of the felony was enhanced from a third-degree felony to a second-degree felony, pursuant to R.C. 2925.03(C)(1)(a) and (c), because of specifications that appellant committed the offense within one thousand feet of the boundaries of a school and that he had previously been convicted of a felony drug abuse offense. On November 2, 1995, appellant entered a plea of not guilty.

A jury trial commenced on February 21, 1996. Just prior to trial, the state of Ohio dismissed the specification for selling within one thousand feet of a school. Appellant attempted to stipulate to one prior drug trafficking charge and requested that the trial court prohibit the state from introducing any evidence of a second felony drug abuse offense because such evidence was of "no probative value" and highly prejudicial to appellant's defense. The state refused to accept appellant's stipulation and the trial court permitted appellee to introduce evidence of appellant's two prior drug trafficking convictions.

At trial, Bruce Coxson, working as a confidential informant for ACNTF, testified to his encounters with appellant on May 13, 1995 and July 13, 1995. As standard operating procedure for ACNTF, Coxson was equipped with a listening device which allowed ACNTF agents to tape-record Coxson's transactions with suspected drug dealers. A tape recording of the two transactions between Coxson and appellant was introduced into evidence at appellant's trial.

On May 13, 1995, Coxson drove to the area of West 32d Street and Superior in Ashtabula, Ohio. Appellant walked up to Coxson's vehicle and said, "What is happening, man?" Coxson asked if appellant had "three for fifty," street talk, Coxson testified, for three rocks of crack cocaine for fifty dollars. Appellant responded that, while he did not have any crack on him, he could fulfill Coxson's request. Coxson gave appellant $50 with which to make the purchase. Appellant

took Coxson's money, walked into a nearby bar and did not return. No drugs were sold.

Coxson's next encounter with appellant occurred on July 13, 1995, in the same area as the first transaction. Coxson indicated to appellant that "[he] need[ed] some" and would take "three for fifty." Appellant responded "okay." Coxson handed appellant $50 and appellant gave Coxson a plastic bag containing three objects. The tape recording of this meeting revealed that a third person, later identified as one Tyrone Hill, witnessed the transaction between Coxson and appellant and told Coxson that the items in the plastic bag contained peanuts. Hill further stated that Coxson should have purchased the "real thing" from him. Tests performed on the three items in the plastic bag found no evidence of a controlled substance. It appeared that appellant had, in fact, sold Coxson three peanuts.

Officers from ACNTF described the area where Coxson attempted to purchase drugs from appellant as an "open-air drug market" where a vehicle stopping alongside the curb will be approached by individuals attempting to sell drugs. One agent, Robert Nicholson, described these encounters as brief, with conversations kept as short as possible to reduce the risk that a conversation would be tape-recorded by the police.

To establish that appellant had previously been convicted of a felony drug abuse offense, the state introduced certified copies of two judgment entries, time-stamped August 17, 1993 and May 13, 1994, which indicated that appellant had two prior convictions for aggravated trafficking in drugs. Appellant stipulated as to the authenticity of the judgment entries and further stipulated that he was the named defendant with respect to the May 13, 1994 conviction. The state presented no evidence that appellant was the named defendant as to the August 17, 1993 conviction.

Appellant chose not to testify and did not present any evidence on his behalf. Following the close of evidence, the jury, on February 22, 1995, returned a verdict finding appellant guilty on both counts of aggravated trafficking in drugs and further finding that appellant had a prior conviction for a felony drug abuse offense. Appellant was sentenced to serve consecutive terms of incarceration of between three and fifteen years on both counts.

Appellant filed a timely notice of appeal and now advances three assignments of error:

"1. The [trial] court erred in allowing the prosecutor to admit two previous convictions into evidence, rather than permitting only evidence of one conviction.

"2. A mistrial was the appropriate remedy for the prosecutor's improper inference in closing argument that appellant's previous convictions predisposed him to drug trafficking.

"3. Whether appellant was properly convicted under R.C. 2925.03(A)(1) of an 'offer to sell,' when he simply agreed to informant's 'offer to buy'?"

■ In the first assignment of error, appellant argues that the trial court erred by allowing evidence to be presented of appellant's two prior drug trafficking convictions. We agree.

Appellant was indicted on two counts of aggravated trafficking in drugs with a specification that appellant had previously been convicted of a felony drug abuse offense. The version of R.C. 2925.03 then in effect provided that "[n]o person shall knowingly * * * [s]ell or offer to sell a controlled substance." R.C. 2925.03(C)(1)(c) provided that aggravated trafficking in drugs was a felony of the third degree unless the offender had previously been convicted of a felony drug abuse offense, in which case the charged offense was a felony of the second degree. Thus, a prior conviction for a felony drug abuse offense elevates the degree of the later offense and is an element of the subsequent offense which the state must prove beyond a reasonable doubt.[1] *State v. Henderson* (1979), 58 Ohio St.2d 171, 173, 12 O.O.3d 177, 178, 389 N.E.2d 494, 495; *State v. Dowdy* (June 14, 1996), Lake App. No. 95–L–140, unreported, 1996 WL 648833.

Appellant acknowledges that the state is required to prove the existence of *one* prior felony drug abuse offense conviction as an element of the offense charged. However, appellant asserts that evidence of a *second* felony drug abuse offense conviction was superfluous and highly prejudicial to his defense. Appellant now argues, as he did at trial, that evidence of his second drug trafficking conviction should have been excluded by the trial court because the probative value of such evidence was "*substantially* outweighed by the danger of unfair prejudice." (Emphasis added.) Evid.R. 403.

■ Evidentiary rulings are within the broad discretion of the trial court and will not be disturbed on appeal absent an abuse of discretion. *State v. Graham* (1979), 58 Ohio St.2d 350, 352, 12 O.O.3d 317, 318, 390 N.E.2d 805, 806–807. "The term 'abuse of discretion' connotes more than an error of law or of judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable. *Steiner v. Custer* (1940), 137 Ohio St. 448 [19 O.O. 148], 31 N.E.2d 855; *Conner v. Conner* (1959), 170 Ohio St. 85 [9 O.O.2d 480], 162 N.E.2d 852; *Chester Township v. Geauga [Cty.] Budget Comm.* (1976), 48 Ohio St.2d 372

---

1. R.C. 2925.03 has since been amended, effective July 1, 1996, and does not provide for the elevation of the degree of the offense based upon prior felony drug abuse convictions.

[2 O.O.3d 484], 358 N.E.2d 610." *State v. Adams* (1980), 62 Ohio St.2d 151, 157–158, 16 O.O.3d 169, 173, 404 N.E.2d 144, 149. Accord *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 219, 5 OBR 481, 482–483, 450 N.E.2d 1140, 1141–1142.

The record reveals that the state introduced certified copies of two judgment entries, dated August 17, 1993 and May 13, 1994, which indicated that appellant had two prior convictions for aggravated trafficking in drugs. Appellant stipulated that he was the named defendant in the May 13, 1994 judgment entry offered by the state. The trial court ruled that the prejudicial effect caused by the evidence of appellant's second conviction did not outweigh the probative value of the evidence because proof of a prior conviction was "an essential element that the state has to prove beyond a reasonable doubt and the jury might, for some reason, find that one conviction was valid or was in effect and the other wasn't."

Were this a case where a defendant refused to concede that he had previously been convicted of a felony drug abuse offense, we would refuse to establish a rule that would require the state to elect a single prior offense from which to establish, beyond a reasonable doubt, this necessary element of its case. The state was required to prove the existence of a prior felony drug abuse offense conviction in order to elevate the charged offense of aggravated drug trafficking to a second-degree felony under R.C. 2925.03(C)(1)(c). While the trial court noted the possible prejudicial effect that proof of appellant's two prior drug trafficking convictions could have in the eyes of the jury, the trial court refused to hamper the state in establishing an essential element of its case by limiting the prosecution to proof of just one such prior conviction. *State v. Marcum* (Dec. 23, 1996), Butler App. No. CA96–03–049, unreported, 1996 WL 732453; see, *e.g.*, *State v. Adams* (1988), 37 Ohio St.3d 295, 297, 525 N.E.2d 1361, 1362–1363. As the trial court correctly noted, the jury might find that one conviction was not valid. However, compounding the problem of allowing the state to present evidence of appellant's two prior drug trafficking convictions is the offer by appellant to stipulate to the existence of one prior felony drug abuse offense conviction.

On March 13, 1997, approximately one week before appellate arguments in this matter, appellant filed a notice of submission of supplemental authority. In support of his argument that the admission of two prior convictions was in error, appellant cited a recent decision of the United States Supreme Court in *Old Chief v. United States* (1997), 519 U.S. 172, 117 S.Ct. 644, 136 L.Ed.2d 574. A spirited debate ensued at oral arguments on this matter as to the applicability of the United States Supreme Court's decision in *Old Chief* to appellant's case.

In *Old Chief,* a decision the trial court did not have the benefit of at the time of its ruling, a defendant was charged with being a felon in possession of a firearm in violation of Section 922(a)(1), Title 18, U.S. Code. The defendant did not seek

to preclude the jury from determining the prior-conviction element of the charged crime. Rather, the defendant, as in the case *sub judice*, offered to stipulate to the prior conviction so the jury would not be prejudiced by being informed that he had previously been convicted of an unrelated felony drug offense. The Assistant United States Attorney refused to join in the stipulation, arguing that he had a right to prove his case his own way. The District Court agreed stating, "If he doesn't want to stipulate, he doesn't have to." At trial, the government introduced the judgment record of the defendant's prior conviction, and the jury found him guilty. 519 U.S. at ——–——, 117 S.Ct. at 647–648, 136 L.Ed.2d at 584–585.

The United States Supreme Court considered the propriety of allowing evidence of a defendant's prior conviction record for the sole purpose of allowing the prosecution to prove the prior felony element of the charged offense, even though the defendant offered to stipulate to a prior felony conviction. The principal issue to be decided, the court stated, was "the scope of a trial judge's discretion under [Federal] Rule [of Evidence] 403, which authorizes exclusion of relevant evidence when its 'probative value is substantially outweighed by the danger of unfair prejudice.'" 519 U.S. at ——, 117 S.Ct. at 650, 136 L.Ed.2d at 587.[2] The court held that because the defendant had offered to stipulate to the prior conviction, "the only reasonable conclusion was that the risk of unfair prejudice did substantially outweigh the discounted probative value of the record of conviction, and *it was an abuse of discretion to admit the record when an admission was available.*" (Emphasis added.) 519 U.S. at ——, 117 S.Ct. at 655, 136 L.Ed.2d at 594–595.

The case *sub judice* is nearly identical to *Old Chief*. While we recognize that the United States Supreme Court's interpretation of the Federal Rules of Evidence has no mandatory authority over our interpretation of the Ohio Rules of Evidence, we are not prepared to state that Ohio Evid.R. 403, nearly identical to its federal counterpart, would allow the risk of a verdict tainted by improper considerations. Because appellant offered to stipulate to the existence of a prior

---

2. Ohio Evid.R. 403 provides:

"(A) Exclusion Mandatory. Although relevant, evidence is not admissible if its probative value is substantially outweighed by the danger of unfair prejudice, of confusion of the issues, or of misleading the jury.

"(B) Exclusion Discretionary. Although relevant, evidence may be excluded if its probative value is substantially outweighed by considerations of undue delay, or needless presentation of cumulative evidence."

Federal Evid.R. 403 provides:

"Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence."

felony drug abuse conviction, the trial court abused its discretion when it rejected the stipulation and allowed the prosecution to present evidence of appellant's two prior drug trafficking convictions *solely* to prove the element of an offense which requires proof of a prior felony drug abuse conviction.

█ Additionally, we cannot say that the trial court's error was harmless in this case. The evidence against appellant was strong, but not so overwhelming for us to say that the outcome of the trial would not have been different but for the error. Appellant sold three peanuts to a confidential informant. The jury may not have believed that appellant offered to sell cocaine without the improper inferences associated from evidence that appellant had two prior convictions for the exact offense for which he now faces charges. Accordingly, appellant's first assignment of error has merit.

█ In the second assignment of error, appellant argues that the trial court erred by failing to grant a mistrial because the prosecutor improperly commented on appellant's prior drug trafficking convictions. Specifically, appellant contends that the following statement made by the assistant prosecutor during closing argument constituted prosecutorial misconduct and warranted the granting of a mistrial:

"[T]here's evidence that the vehicle pulled up to the curb, because that's what you do if you want to buy drugs. You pull up to the curb. Who approaches the car? The defendant approaches the car in an area where drugs were sold because he was willing to sell cocaine.

"* * *

"Now, I ask you, number one, who is the person that is standing in the area on two Saturday nights around 9:30 in the evening? Who is the person that is standing in the area of West 32nd Street? The defendant. Who is the person that is standing in the open air drug trafficking market? The defendant. *Who is the person who has the two aggravated drug trafficking convictions? Right here. The defendant.*" (Emphasis added.)

Appellant's attorney immediately objected to the assistant prosecutor's reference to appellant's prior drug trafficking convictions. The trial court sustained the objection and provided a curative instruction, telling the jury to disregard the last comment. Following the assistant prosecutor's closing argument, defense counsel requested a mistrial. The trial court, while acknowledging that the state's argument went too far, determined that the comment was not so prejudicial as to warrant a mistrial. The trial court noted that it immediately ordered the jury to disregard the comment and that the court's final instructions would clarify the manner in which the jury could use appellant's prior drug trafficking

convictions. Appellant contends that the trial court erred by denying his request for a mistrial.

The Supreme Court of Ohio has held that "[t]he test regarding prosecutorial misconduct in closing arguments is whether the remarks were improper and, if so, whether they prejudicially affected substantial rights of the defendant." *State v. Smith* (1984), 14 Ohio St.3d 13, 14, 14 OBR 317, 318, 470 N.E.2d 883, 885. Accord *State v. Lott* (1990), 51 Ohio St.3d 160, 165, 555 N.E.2d 293, 299–300. Similarly, this court has stated that a proper review of alleged prosecutorial misconduct is as follows:

"Unless the statement made by the prosecutor in argument to a jury is so misleading or untruthful that the defendant's rights are prejudiced, which deprives him of a fair and impartial trial, the claimed error cannot be considered prejudicial. In addition, in order to consider whether a prosecutor's statement in argument to a jury is prejudicial, one must consider the cumulative effect of the comments made to the jury." *State v. Daugert* (June 29, 1990), Lake App. No. 89–L–14–091, unreported, at 4–5, 1990 WL 94835, quoting *State v. Washington* (July 23, 1985), Franklin App. No. 84–AP–1079, unreported, 1985 WL 10085. Accord *State v. Said* (Mar. 26, 1993), Lake App. No. 92–L–018, unreported, at 11, 1993 WL 130097.

Furthermore, although the granting or denial of a motion for a mistrial rests within the trial court's sound discretion, when the motion alleges prosecutorial misconduct, we must determine whether the assistant prosecutor's comments deprived appellant of a fair trial. *State v. Saunders* (1994), 98 Ohio App.3d 355, 358, 648 N.E.2d 587, 589.

After a review of the record, we agree with the trial court that the assistant prosecutor's reference to appellant's prior convictions was improper. Indeed, the statements made by the assistant prosecutor acted only to highlight the prejudice appellant faced, as discussed in appellant's first assignment of error, from the prosecution's refusal to accept appellant's offer to concede the fact that he has a prior felony drug conviction. However, based on the totality of the assistant prosecutor's closing argument, we reject appellant's argument that the isolated statement *in and of itself* deprived appellant of a fair and impartial trial. The trial court immediately sustained defense counsel's objection to the statement and instructed the jury to disregard the statement. Under these circumstances, we cannot say that the trial court abused its discretion when it denied appellant's motion for a mistrial. Accordingly, appellant's second assignment of error is without merit.

In the third assignment of error, appellant argues that there was insufficient evidence to support a conviction under R.C. 2925.03(A)(1) because he did not

"offer to sell" drugs, but rather "simply agreed" to the confidential informant's "offer to buy" drugs. We disagree.

As previously noted, R.C. 2925.03(A)(1) states, "No person shall knowingly * * * [s]ell or offer to sell a controlled substance * * *." Recognizing that drug dealers do not conduct business in precise legal terms, the Second District Court of Appeals has defined the term "offer to sell" as it pertains to drug transactions as follows:

"[W]e conclude that, for purposes of R.C. 2925.03(A), the phrase, 'offer to sell a controlled substance,' simply means to declare one's readiness or willingness to sell a controlled substance or to present a controlled substance for acceptance or rejection. Furthermore, the issue of whether a defendant has knowingly made an offer to sell a controlled substance in any given case must be determined by examining the totality of the circumstances, including 'the dialogue and course of conduct of the accused.' *[State v.] Patterson* [(1982), 69 Ohio St.2d 445,] 447 [23 O.O.3d 394, 395], 432 N.E.2d 802 [803–804]." *State v. Burton* (Mar. 31, 1995), Greene App. No. 94–CA–13, unreported, 1995 WL 137054. Accord *State v. McKenzie* (Sept. 12, 1996), Jefferson App. No. 96–JE–2, unreported, 1996 WL 529520.

In the case *sub judice*, sufficient evidence was presented at trial from which the jury could reasonably infer that appellant was offering to sell a controlled substance in violation of R.C. 2925.03(A)(1). Appellant's conduct, greeting automobiles that pulled up to the curb of an "open-air drug market" together with statements that he could provide ACNTF's confidential informant with cocaine, conveyed appellant's willingness to enter into a drug transaction. Appellant's third assignment of error is without merit.

As appellant's first assignment of error has merit, the judgment of the trial court is reversed, and the cause is remanded for further proceedings consistent with this opinion.

*Judgment reversed
and cause remanded.*

FORD, P.J., concurs.

NADER, J., dissents.

FORD, Presiding Judge, concurring.

I concur in the opinion and judgment of the court and write separately to express my observation that the result might have been different if the existence

of the prior conviction increased solely the penalty, rather than increasing the degree of the offense.

R.C. 2941.142 provides for a separate hearing outside of the jury's presence to determine the existence of a prior conviction. When R.C. 2941.142 is applicable, once the accused requests such a hearing, the trial court must honor the request. *State v. Watters* (1985), 27 Ohio App.3d 186, 187, 27 OBR 224, 225–226, 500 N.E.2d 312, 313–314. However, an accused does not have the right to a bifurcated hearing pursuant to R.C. 2941.142 when a prior conviction elevates the degree of the offense rather than solely increasing the penalty. *State v. Dowdy* (June 14, 1996), Lake App. No. 95–L–140, unreported, at 3, 1996 WL 648833.

Therefore, in the present case, had the prior conviction solely enhanced appellant's penalty, appellant would have had the opportunity to avoid presentation of the prior conviction to the jury by requesting a bifurcated proceeding as provided in R.C. 2941.142. Thus, under those circumstances, a defendant would have the ability to avoid the prejudice claimed here, and if the defendant did not pursue bifurcation, invited error could well obtain. If that were the case, I would vote to affirm.