Please Note: We have sua sponte removed this case from the accelerated calendar.
Defendant-appellant Sean Coleman appeals his conviction of aggravated drug trafficking.
On February 21, 1994, at approximately 10:30 p.m., the manager of a Travel Lodge hotel telephoned police, stating that a woman had just informed him that she had observed drugs and guns in a particular room at the hotel. As a result of the call, plain-clothes police officers initiated surveillance of the room. During their surveillance, they observed two black males exit from the room and get into a blue Ford Taurus station wagon. The plainclothes officers radioed uniformed officers and requested that they stop the vehicle, which was traveling with its headlights off. However, before the officers were able to activate their lights, the vehicle turned into a nearby parking lot. Both the marked and unmarked police cars followed the vehicle into the parking lot, at which time the driver of the car, Leon Coleman, and his brother, Sean Coleman,[1] fled from the vehicle. As Leon ran, he scattered bits of marijuana on the ground. After apprehending him, the officers discovered $1,000 in cash on his person. Sean, who had run into the woods, was later apprehended by a canine unit. Although no drugs were found on his person, the officers recollected that he was carrying money. No one could recall the amount, however.
A search of the vehicle revealed 32 unit doses of crack cocaine within a jacket located on the backseat on the driver's side of the vehicle. A gun was also found beneath the passenger's seat. It was later learned that the vehicle was registered and titled in Sean's name.
Both Sean and his brother were arrested. Sean was charged with aggravated trafficking, with a prior-conviction specification, and receiving stolen property, which involved the gun.
On May 26, 1994, Sean failed to appear for a pretrial conference and a warrant was issued for his arrest. He was rearrested in June 1998. Thereafter, the charges against him were tried to a jury. At the conclusion of the state's case-in-chief, the trial court granted Sean's Crim.R. 29 motion for acquittal on the receiving-stolen-property charge. The trial then proceeded on the remaining charge, of which the jury ultimately found Sean guilty. Thereafter, the trial court sentenced him to a term of imprisonment.
In this appeal of the trial court's judgment, Sean raises five assignments of error. Because we conclude that these assignments lack merit, we affirm.
In his first and fifth assignments of error, Sean asserts that there was insufficient evidence to support his conviction and that the trial court erred in overruling his Crim.R. 29 motion for acquittal. Specifically, Sean contends that the state failed to prove that he knew of and possessed the cocaine found in the vehicle. We disagree.
We first note that because Sean's counsel failed to renew his Crim.R. 29 motion at the close of all the evidence, any error in the overruling of the motion at the close of the state's case was waived.[2] However, even assuming that this issue was properly preserved for appeal, we conclude that the trial court did not err in overruling the motion because the state presented evidence from which the jury could reasonably infer Sean's knowledge and constructive possession of the cocaine.[3]
Specifically, the state presented evidence that Sean acted suspiciously before the attempted stop, that he fled from police, and that the vehicle containing the cocaine was registered and titled in his name. Accordingly, we overrule the first and fifth assignments of error.
In his second assignment of error, Sean asserts that the trial court erred in failing to instruct the jury that his "mere presence" at the scene of the offense, alone, was insufficient to support his conviction and in failing to give the jury a limiting instruction relative to the purpose for which it could consider his prior conviction.
The record demonstrates that Sean failed either to object to the jury instructions as delivered by the trial court or to request any supplemental instruction. Given this, Sean waived all but plain error.[4] Notice of plain error is to be taken with utmost caution and only in exceptional cases to prevent a manifest miscarriage of justice.[5] Reversal is warranted under this standard only when the outcome of the trial clearly would have been different without the alleged error.[6] Because we are not persuaded that the presence of the jury instructions Sean now proposes would have altered the outcome of the trial, we overrule the second assignment of error.
In his third assignment of error, Sean asserts that the prosecutor's comments during closing argument regarding his prior conviction amounted to misconduct that deprived him of a fair trial. We disagree.
Sean was charged with aggravated drug trafficking in violation of R.C. 2925.03(A)(2). Because he had previously been convicted of drug trafficking, the offense was elevated from a third-degree felony to a second-degree felony, and the prior conviction was an element of the offense that the state was required to prove to the jury.[7] Under these circumstances, the state could properly, contrary to the general prohibition against the introduction of evidence of prior convictions, present evidence of Sean's prior conviction to the jury. Here, the state did so by way of a stipulation and the introduction of a certified copy of the prior conviction. Sean acknowledges that these actions were appropriate under the circumstances. But he takes exception to two specific comments made by the prosecutor in closing argument. He contends that these references to his prior conviction by the prosecutor invited the jury to consider his prior conviction as proof that, in the instant case, he had acted in conformity with his prior bad act. In other words, Sean alleges that the prosecutor's comments suggested to the jurors that they engage in the inference forbidden by Evid.R. 404. Because no objection to these comments was lodged at trial, they may not serve as the basis for reversing Sean's conviction absent the existence of plain error.
The state argues that, because evidence of Sean's prior conviction was properly introduced at trial, the prosecutor was permitted to comment on the prior conviction in closing argument. Had the prosecutor's comments been tailored to address only the limited purpose for which the prior conviction was introduced at trial, we would agree. Unfortunately, the prosecutor's comments were not of this limited nature. They were, under the circumstances, gratuitous and improper.[8] Nevertheless, given the totality of evidence before the jury, we are not persuaded that these comments clearly affected the outcome of the trial. Therefore, we overrule the third assignment of error.
In his fourth assignment of error, Sean asserts that his trial counsel's failure to object to the prosecutor's comments during closing argument, his failure to request proper jury instructions, and his failure to renew his Crim.R. 29 motion for acquittal rendered him ineffective.
To sustain his claim of ineffective assistance of counsel, Sean must demonstrate that his counsel's performance was deficient and that the deficient performance prejudiced his defense.[9]
To establish that his counsel's performance was deficient, Sean must show that his counsel's representation fell below an objective standard of reasonableness.[10] In Lockhart v.Fretwell,[11] the United States Supreme Court held that a showing of prejudice does not depend solely on whether the outcome of the trial would have been different but for counsel's errors. Rather, the appropriate standard involves an inquiry into whether "counsel's performance render[ed] the result of the trial unreliable or the proceeding fundamentally unfair."[12]
Given our conclusion that there was sufficient evidence to support Sean's conviction, Sean cannot demonstrate that his trial counsel's failure to renew the Crim.R. 29 resulted in any prejudice to him. And, viewing the totality of the trial, we cannot say that the remaining errors complained of rose to such a level as to render the result of the trial unreliable or the proceeding fundamentally unfair. Accordingly, we overrule the fourth assignment of error and affirm the trial court's judgment.
Judgment affirmed.
Hildebrandt, P.J., concurs.
Gorman, J., dissents.
[1] Because the individuals in this case share the same last name, we hereinafter refer to them by their respective first names.
[2] See Dayton v. Rogers (1979), 60 Ohio St.2d 162,398 N.E.2d 781, overruled on other grounds in State v. Lazzaro (1996),76 Ohio St.3d 261, 667 N.E.2d 384.
[3] See State v. Thompkins (1997), 78 Ohio St.3d 380,678 N.E.2d 541; State v. Bridgeman (1978), 55 Ohio St.2d 261,381 N.E.2d 184, syllabus.
[4] See State v. Underwood (1983), 3 Ohio St.3d 12,444 N.E.2d 1332.
[5] See State v. Long (1978), 53 Ohio St.2d 91,372 N.E.2d 804.
[6] Id.
[7] See State v. Salazar (Dec. 13, 1995), Hamilton App. No. C-950047, unreported.
[8] See State v. Sinkfield (Oct. 2, 1998), Montgomery App. No. 16277, unreported; State v. Henton (1997), 121 Ohio App.3d 501,700 N.E.2d 371.
[9] See Strickland v. Washington (1984), 466 U.S. 668,104 S.Ct. 2052.
[10] Id.
[11] (1993) 506 U.S. 364, 113 S.Ct. 838.
[12] Id. at 370, 113 S.Ct. at 844.
Please Note:
The court has placed of record its own entry in this case on the date of the release of this Decision.