This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Appellant-defendant, Robert L. Williams, appeals from his conviction for domestic violence in the Summit County Court of Common Pleas. This Court affirms.
Williams was indicted on one count of domestic violence, in violation of R.C. 2919.25(A), and one count of petty theft, in violation of R.C.2919.25(A)(1). Williams pled not guilty to the charges, and the case was tried to a jury. The court dismissed the petty theft charge on directed verdict, and the jury found Williams guilty of domestic violence. He was sentenced accordingly.
Williams timely appeals, asserting one assignment of error.
 ASSIGNMENT OF ERROR THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANT BY ADMITTING EVIDENCE OF THREE PRIOR CONVICTIONS FOR DOMESTIC VIOLENCE WHERE APPELLANT HAD OFFERED TO STIPULATE TO A PRIOR CONVICTION AND ONLY ONE PRIOR CONVICTION WAS NECESSARY TO ELEVATE THE DEGREE OF THE OFFENSE FROM MISDEMEANOR TO FELONY.
In his sole assignment of error, Williams contends that it was reversible error for the trial court to admit three of his prior convictions for domestic violence. He contends that it was error because he was willing to stipulate to one prior conviction, and only one prior conviction for domestic violence was necessary to prove the element of domestic violence for which he was indicted. This Court disagrees.
"`The trial court has broad discretion in the admission * * * of evidence and unless it has clearly abused its discretion and the defendant has been materially prejudiced thereby, [an appellate] court should be slow to interfere.'" (First alteration original.) State v.Maurer (1984), 15 Ohio St.3d 239, 265, quoting State v. Hymore (1967),9 Ohio St.2d 122, 128. In a criminal case, prejudicial error exists if there is a reasonable possibility that improperly admitted evidence contributed to the conviction. State v. Thompson (1981), 66 Ohio St.2d 496. An abuse of discretion is more than an error of judgment, but instead demonstrates "perversity of will, passion, prejudice, partiality, or moral delinquency." Pons v. Ohio State Med. Bd. (1993), 66 Ohio St.3d 619,621. When applying the abuse of discretion standard, an appellate court may not substitute its judgment for that of the trial court. Id.
This Court has previously held that "[n]either the state nor the trial court is required to accept a defendant's stipulation as to the existence of the conviction." State v. Weible (Mar. 13, 1989), Summit App. No. 13754, unreported. We reasoned that:
 The state must prove each element of an offense beyond a reasonable doubt. "When a previous conviction elevates the degree of the offense, the state must prove the prior offense beyond a reasonable doubt." State v. Thomas (Dec. 7, 1988), Summit App. No. 13672, unreported, at 2. The jury must find that the conviction occurred and that the defendant was the person convicted. State v. Fischer (Sept. 18, 1985), Summit App. No. 12089, unreported, at 7.
Id.
Williams cites State v. Henton (1997), 121 Ohio App.3d 501, from the Eleventh District, in support of his claim that the trial court committed reversible error in admitting all three prior domestic violence convictions. First, we note that Eleventh District holdings are not binding on this Court. Second, we find the case clearly distinguishable.
In Henton, the Eleventh District held:
 Because appellant offered to stipulate to the existence of a prior felony drug abuse conviction, the trial court abused its discretion when it rejected the stipulation and allowed the prosecution to present evidence of appellant's two prior drug trafficking convictions solely to prove the element of an offense which requires proof of a prior felony drug abuse conviction.
(Emphasis added.) In the case before us, the state offered the three prior domestic violence convictions not only to prove the element of the offense, but also to show that Williams had engaged in "similar acts" since each prior conviction involved the same victim as the victim of the pending charge.
Accordingly, Williams sole assignment of error is overruled. The judgment of the court of common pleas is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the County of Summit, Court of Common Pleas, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to appellant.
Exceptions.
 ___________________________ DONNA J. CARR
BATCHELDER, P. J., CONCURS