JOURNAL ENTRY AND OPINION
Defendant-appellant, George Woods, appeals the decision of the Cuyahoga County Court of Common Pleas that convicted him of aggravated robbery, carrying a concealed weapon and having a weapon while under disability. For the following reasons, we affirm.
A review of the record reveals that a three-count indictment was returned against appellant based on events surrounding the robbery of Cleveland State University (CSU) parking attendant, Gregory Perkins (Perkins), on December 1, 1999. Perkins's testified that while he worked in a parking lot booth at CSU, an individual matching the description of appellant approached him, brandished a weapon and demanded money. Perkins complied and handed over $156, the amount of money he had collected thus far. After describing appellant and his companion to the CSU police, appellant was eventually apprehended a short distance from the campus and identified by Perkins as the perpetrator.
Appellant was charged with (1) aggravated robbery, in violation of R.C. 2911.01; (2) carrying a concealed weapon, in violation of R.C.2923.12; and (3) having a weapon while under disability, in violation of R.C. 2923.13. The aggravated robbery charge included two firearm specifications, in violation of R.C. 2941.141 and 2941.145, a repeat violent offender specification, in violation of R.C. 2929.01(JJ) and a notice of prior conviction, as provided in R.C. 2929.13(F)(6). The having-a-weapon-while-under-disability charge included the same two firearm specifications contained in the aggravated robbery charge.
Prior to trial, appellant stipulated to the prior conviction and made an oral motion in limine seeking to exclude any reference to the specific nature of this prior conviction by the court, particularly during the reading of the indictment. While the state agreed to the stipulation and likewise agreed to use a redacted journal entry evidencing the prior conviction during its case-in-chief, it opposed deleting any reference to appellant's prior conviction by the court and refused to amend the indictment stating as its reason that the prior conviction was a necessary element of the having-a-weapon-while-under-disability offense. The court denied the motion and read the indictment in its entirety on three separate occasions during trial: (1) prior to voir dire; (2) after the jury was impaneled; and (3) during jury instructions. In each instance and without objection, the court stated:
 Count three alleges that on or about December 1, 1999, [appellant] knowingly acquired, had, carried or used a firearm or dangerous ordnance while being under indictment for or having been convicted of a felony of violence, to with, the said George Woods, with counsel, on or about June 28, 1994, in the Court of Common Pleas, Cuyahoga County, Ohio, case number 309629, having been convicted of the crime of attempted aggravated burglary in violation of Ohio Revised Code Section 2923.02/2911.11.
Perkins and two CSU police officers testified for the state at trial. Perkins was able to give a detailed description of appellant and his apparel from which officers Hehr and Smith were able to apprehend appellant. Perkins thereafter identified appellant while at the scene of arrest.
During the course of trial, one juror complained to court personnel about several jurors or others smoking in a non-smoking building. This complaint eventually reached the trial judge who questioned the juror as to what comments were made and to whom. Apparently satisfied, the juror returned to deliberate with the remaining members of the jury. Unbeknownst to the court, a reporter from the Cleveland Plain Dealer attempted to contact this juror the very same day by leaving two messages for the juror on the juror's messaging system. According to the juror, the reporter's message stated that he was doing a story on smoking in the courthouse and wanted her input. She did not return the reporter's calls. When the juror returned to deliberate the next day, she forwarded a message to the trial judge through the foreman as previously instructed. The message to the judge stated:
 Juror No. 11 has more information concerning yesterday's questions that caused her to be called from the jury deliberation room.
The court's response was that this was not related to the case and should not be discussed or of any concern. She thereafter continued deliberating with the other members of the jury. A verdict of guilty was eventually returned on all counts and sentencing was scheduled to take place at a later date.
Prior to sentencing, however, it came to the attention of the appellant's counsel that the administrative judge of the court apparently released the telephone number of the complaining juror to the newspaper reporter. Concerned about the impact this attempted contact had on jury deliberations, appellant's counsel requested a hearing on the matter wherein this particular juror and the reporter were questioned. The juror testified that after she received the messages she attempted to bring them to the attention of the court. She stated that she deliberately worded the inquiry to the trial judge so as not to alert the foreman or other jury members as to the attempted contact. She further testified that at no time did she discuss the attempted contact with other members of the jury, although she thought that they were all aware of her complaints about the smoking.
The reporter testified that the purpose of his attempt to contact the juror was to investigate the practice of smoking in the courthouse and the court's alleged unwillingness to address the juror's complaints. He denied any knowledge of the case and was unaware that the juror was in the midst of deliberations when he attempted to contact her. He testified that he never spoke to the juror because she did not return his calls.
Appellant moved for a mistrial on the basis that this contact caused the jury to be partial and denied him due process of law. The court denied the motion and appellant was thereafter sentenced accordingly.
Appellant now appeals and assigns two errors for our review.
 I.
In his first assignment of error, appellant contends that the trial court erred in denying his request to exclude evidence regarding the name and nature of his prior conviction. In support of his argument, appellant relies on Old Chief v. United States (1997), 519 U.S. 172, wherein the United States Supreme Court held that a trial court abuses its discretion when it admits evidence of the name and nature of a prior offense solely to prove the element of a prior conviction if the defendant offers to concede as much.
As a threshold matter, we note that appellant opposed the introduction of the name and nature of his prior offense by way of a motion in limine, which the court denied. It is well-settled that an order directed at a motion in limine is a tentative, interlocutory, precautionary ruling by the trial court reflecting the court's anticipatory treatment of an evidentiary issue. State v. Grubb (1986), 28 Ohio St.3d 199, 201-202. It was therefore incumbent upon appellant to object at the court's recitation of the name and nature of appellant's prior offense in order to preserve any error for appeal. As a general rule, a reviewing court will not consider any error that could have been brought to the attention of the trial court when such error could have been avoided or corrected by the trial court. State v. Childs (1968), 14 Ohio St.2d 56, paragraph three of the syllabus. Appellant's failure to do so constitutes a waiver of any challenge, regardless of the court's disposition on the preliminary motion in limine. See State v. Maurer (1984), 15 Ohio St.3d 239,259.
This court, however, has the power to recognize plain errors or defects affecting substantial rights * * * although they were not brought to the attention of the court. Crim.R. 52(B). Notwithstanding, notice of plain error is to be taken with the utmost caution, under exceptional circumstances and only to prevent a manifest miscarriage of justice. State v. Long (1978), 53 Ohio St.2d 91, paragraph three of the syllabus; see, also, State v. Hill (2001), 92 Ohio St.3d 191, 196. A reviewing court must examine the error asserted in light of all the evidence properly admitted at trial and determine whether the jury would have convicted the defendant even if the error had not occurred. State v. Slagle (1992), 65 Ohio St.3d 597, 605; see, also, Long, 53 Ohio St.2d at paragraph two of the syllabus.
The state relies on State v. Kole (June 28, 2000), Lorain App. No. 98CA007116, unreported, 2000 Ohio App. Lexis 2834, reversed on other grounds (2001), 92 Ohio St.3d 303,[1] which noted that evidence of a prior conviction is properly admitted for the limited purpose of proving an element of the having-a-weapon-while-under-disability offense. This offense is governed by R.C. 2923.13, which provides, in relevant part:
 * * * [N]o person shall knowingly acquire, have, carry, or use any firearm or dangerous ordnance, if any of the following apply:
* * *
 (2) The person is under indictment for or has been convicted of any felony offense of violence * * *.
The Ninth Appellate District found Old Chief inapplicable, in part, because that court construed a dissimilar federal statute.
The federal offense at issue in Old Chief was assault with a dangerous weapon in violation of 18 U.S.C. § 922(g)(1), which makes it unlawful for any person `who has been convicted in any court of a crime punishable by imprisonment for a term exceeding one year [to] possess * * * any firearm.' Old Chief, 519 U.S. at 174. In finding that the defendant's proposed stipulation provided a suitable evidentiary alternative that would be conclusive evidence of the prior conviction, the Old Chief court reasoned:
 The issue is not whether concrete details of the prior crime should come to the juror's attention but whether the name or general character of that crime is to be disclosed.
 Congress, however, has made it plain that distinctions among general felonies do not count for this purpose; the fact of the qualifying conviction is alone what matters under the statute. A defendant falls within the category simply by virtue of past conviction for any [qualifying] crime ranging from possession of short lobsters, [citation omitted], to the most aggravated murder. [citation omitted]. The most the jury needs to know is that the conviction admitted by the defendant falls within the class of crimes that Congress thought should bar a convict from possessing a gun, and this point may be made readily in a defendant's admission and underscored in the court's jury instructions.
Id. at 190-191.
Departing from Old Chief, the Kole court reasoned that an essential element of the having-a-weapon-while-under-disability offense is whether the individual possessing the weapon was previously convicted of a felony offense of violence as opposed to a crime punishable by imprisonment for a term exceeding one year. R.C. 2923.13(A)(2). Thus, the Kole court determined that the name and nature of a prior conviction was a necessary element in order for the state to carry its burden of proof, unlike the offense addressed by the federal statute.
The Kole court supported its position with a case from this district, State v. Jordan (Apr. 29, 1999), Cuyahoga App. No. 73453, unreported, 1999 Ohio App. Lexis 1956. We find the Ninth Appellate District's reliance on Jordan misplaced, however. The Jordan court did not find Old Chief inapplicable because it construed a federal statute. To the contrary, the Jordan court found Old Chief distinguishable because the trial court in Jordan was not presented with an adequate evidentiary alternative that would have satisfied the prior conviction element as was the trial court in Old Chief. State v. Jordan (Apr. 29, 1999), Cuyahoga App. No. 73453, unreported at 30, 1999 Ohio App. Lexis 1956; see, also, State v. Russell (Nov. 9, 1998), Butler App. No. CA98-02-018, unreported at 10. Nonetheless, at least one other district in this state has found that the name and nature of an offense is a necessary element for certain offenses and has found Old Chief distinguishable. See State v. Carr (Dec. 10, 1999), Lake App. No. 98-L-131, unreported at 10 ([T]his court distinguished both Old Chief and Henton [State v. Henton (1997),121 Ohio App.3d 501] and concluded that evidence concerning the name and nature of the defendant's prior convictions were necessary, as an element of the offense, in order for the jury to find defendant guilty * * *); State v. Payne (Mar. 31, 1999), Lake App. No. 97-L-284, unreported at 8 (Unlike the federal statute in Old Chief, evidence concerning the name and nature of appellant's prior convictions was necessary in order for the jury to find appellant guilty of the charged offense.).
Despite the state's reliance on Kole, it claims that Old Chief is inapplicable because the case sub judice does not involve an evidentiary issue and therefore is not analyzed for prejudice under Evid.R. 403. Reiterating, it was the trial court that read the indictment, which contained the notice of prior conviction, to the jury. Because the state did not introduce evidence to that effect, it maintains that Old Chief does not apply.
The state correctly points out that the indictment is not evidence and that the trial court properly instructed the jury to that effect. Despite this instruction, however, the jury still became aware of appellant's prior conviction without the state having to offer evidence on that issue. The potential for prejudice remains regardless of how or in what manner that particular piece of information reached the jury. Just because the state was not responsible for that action does not somehow absolve this court from reviewing the possible prejudicial effect of the court's decision to recite the name and nature of appellant's prior conviction despite appellant's willingness to so stipulate. See, e.g., United States v. McFerren (Apr. 8, 1998), C.A.6 No. 96-5458, unpublished opinion, 1998 U.S. App. Lexis 7199 (Applying Old Chief, the Sixth Circuit found the district court abused its discretion when it read the indictment, which included the defendant' prior felony conviction, but that the error was harmless.)
While we are unpersuaded that Old Chief is entirely inapplicable in this case, we are, nonetheless, unable to find that the error complained of reaches the level of plain error. There is nothing in the record to support that the outcome of the trial would have been different. Perkins offered testimony that the jury found credible despite his own prior conviction. He was able to identify specific clothing that appellant wore from which the CSU police officers were able to locate appellant. After apprehending appellant, Perkins was able to identify him at the scene of arrest. In fact, appellant inquired of the officer whether this was related to the guy in the booth. It is unlikely, therefore, that the outcome of the trial would have been different had the trial court chose not to read the entire indictment, including the name and nature of appellant's prior conviction. Consequently, it cannot be said that the error, if any, was prejudicial to appellant.
Appellant's first assignment of error is not well taken and is overruled.
 II.
In his second assignment of error, appellant contends that the trial court erred in denying his motion for a mistrial. Succinctly, he complains that a Cleveland Plain Dealer reporter's attempt to contact a juror during deliberations denied him his right to trial by an impartial jury. In particular, he contends that this juror became upset at the attempted contact and therefore could not freely perform her role as a juror. The state, on the other hand, maintains that the attempted contact did not prejudice appellant.
Ordinarily, any private communication or contact either directly or indirectly about a matter before the jury is presumptively prejudicial. Remmer v. United States (1954), 347 U.S. 227 at the syllabus. The presumption is not conclusive, however. Id. It is incumbent upon the party complaining about juror misconduct to demonstrate that the contact was prejudicial. Smith v. Phillips (1982), 455 U.S. 209, 215-217; see, also, State v. Sheppard (1998), 84 Ohio St.3d 230, 233; State v. Phillips (1995), 74 Ohio St.3d 72, 88. Absent prejudice, there is no violation of due process. Smith v. Phillips, 455 U.S. at 217.
 * * * [D]ue process does not require a new trial every time a juror has been placed in a potentially compromising situation. Were that the rule, few trials would be constitutionally acceptable. The safeguards of juror impartiality, such as voir dire and protective instructions from the trial judge, are not infallible; it is virtually impossible to shield jurors from every contact or influence that might theoretically affect their vote.
 Due process means a jury capable and willing to decide the case solely on the evidence before it, and a trial judge ever watchful to prevent prejudicial occurrences and to determine the effect of such occurrences when they happen.
Id. As a result, the trial court is vested with broad discretion in determining whether the contact was prejudicial and whether to declare a mistrial or replace the affected juror. State v. Keith (1997), 79 Ohio St.3d 514, 526-527.
Appellant has failed to demonstrate that the trial court abused its discretion in denying his request for a mistrial and proceeding with sentencing. A newspaper reporter's attempted contact with a juror about smoking in the courthouse was an issue not related to the matter pending before the jury. While the juror testified that the attempted contact upset her, she also testified that she considered nothing but the evidence introduced at trial when deliberating with the remaining members of the jury. Despite the fact that she felt her concerns about smoking in a non-smoking public building went unaddressed, contrary to appellant's assertions, she was able to focus on her role as juror and deliberate impartially.
Moreover, the evidence does not support that the remaining jury members were aware of the attempted contact so as to infer prejudice. See, e.g., United States v. Gaffney (M.D.Fla. 1987), 676 F. Supp. 1544, 1556; see, also, State v. Phillips, 74 Ohio St.3d at 89. The juror's cryptic message to the trial judge could not be construed so as to impart to the foreman or any other jury member this juror's experience with the newspaper reporter. In fact, the trial judge may have chosen to inquire further had the message been less vague.
Consequently, the trial court did not err in failing to declare a mistrial. Appellant's second assignment of error is not well taken and is overruled.
It is ordered that appellee recover of appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
FRANK D. CELEBREZZE, JR., J. and JAMES J. SWEENEY, J., CONCUR.
[1] In Kole, the Supreme Court of Ohio reversed and remanded for a new trial on all the charges and specifications against the defendant on the basis that the defendant did not receive effective assistance of counsel due to counsel's failure to raise a statutory defense to the charges of abduction and burglary, the operability of the firearm and the applicability of the specifications. Id. at 308-309.