OPINION
{¶ 1} Appellant Steven E. Starkey, Jr. appeals the decision of the County Court of Muskingum County, following his conviction for operating a motor vehicle while intoxicated ("OMVI"). The relevant facts leading to this appeal are as follows.
 {¶ 2} On April 26, 2003, appellant was operating a Ford Contour in the exit driveway of the Muskingum County Raceway. As appellant pulled out into the lane of traffic on State Route 60, his Contour struck a Chevrolet Camaro heading south. Stopping for the accident only for a few seconds, appellant proceeded to drive to the parking lot of a bar called the Green Tea Room, about eight-tenths of a mile from the raceway's driveway. Witnesses followed appellant there and called police via a cell phone.
 {¶ 3} Appellant was charged with operating a motor vehicle while intoxicated (R.C. 4511.19(A)(1)), driving under suspension (R.C. 4507.02(A) and (B)), and failure to yield. Appellant pled not guilty, and a jury trial was ultimately scheduled for July 31, 2003. On July 25, 2003, the State filed a motion to amend the charges, requesting that the traffic summons include an alleged violation of R.C. 4507.02(C). Appellant filed a motion in limine on July 30, 2003 to exclude any references to appellant's prior OMVI convictions or OMVI-related suspensions. The trial court granted the motion in limine prior to the commencement of the trial. However, during the trial, the State sought to admit appellant's certified driving record. Appellant's trial counsel objected and requested a redaction of any portions of the driving record making reference to appellant's prior OMVI convictions. The court denied appellant's request to redact.
 {¶ 4} The jury found appellant found guilty on all three counts. Appellant was sentenced to 365 days in jail on the OMVI conviction and 180 days for driving under suspension, to be served consecutively, with ninety days suspended. Appellant was also fined $100 for failure to yield.
 {¶ 5} Appellant timely appealed, and herein raises the following sole Assignment of Error:
 {¶ 6} "I. Admitting into evidence and allowing the jury to view appellants [sic] certified driving record, which included his prior omvi convictions, despite the judge granting defense counsels [sic] motion in limine to exclude any reference to prior omvi convictions or omvi suspensions, was prejudicial error."
 I. {¶ 7} In his sole Assignment of Error, appellant contends the trial court committed prejudicial error in permitting the jury to view his driving record, which included prior OMVI convictions. We disagree.
 {¶ 8} The admission or exclusion of evidence rests in the sound discretion of the trial court. State v. Sage (1987),31 Ohio St.3d 173, 180, 510 N.E.2d 343. Our task is to look at the totality of the circumstances in the particular case under appeal, and determine whether the trial court acted unreasonably, arbitrarily or unconscionably in allowing or excluding the disputed evidence. State v. Oman (Feb. 14, 2000), Stark App. No. 1999CA00027. As a general rule, all relevant evidence is admissible. Evid.R. 402. However, Evid.R. 403(A) reads: "Although relevant, evidence is not admissible if its probative value is substantially outweighed by the danger of unfair prejudice, of confusion of the issues, or of misleading the jury." As an appellate court, we will not interfere with a trial court's balancing of probativeness and prejudice "* * * unless it has clearly abused its discretion and the defendant has been materially prejudiced thereby." State v. Slagle (1992),65 Ohio St.3d 597, 602, 605 N.E.2d 916."
 {¶ 9} Appellant was additionally charged with driving under suspension (DUS) in violation of former R.C. 4507.02(C) (although the jury's verdict ultimately convicted him under former R.C.4507.02(B)). Former R.C. 4507.02(C) provides: "No person, whose driver's or commercial driver's license or permit has been suspended pursuant to section 4511.191, section 4511.196, or division (B) of section 4507.16 of the Revised Code, shall operate any motor vehicle within this state until the person has paid the license reinstatement fee required pursuant to division (L) of section 4511.191 of the Revised Code and the license or permit has been returned to the person or a new license or permit has been issued to the person."
 {¶ 10} In support of his argument, appellant cites State v.Allen (1987), 29 Ohio St.3d 53, wherein the Ohio Supreme Court held: "Where the existence of a prior conviction enhances the penalty for a subsequent offense, but does not elevate the degree thereof, the prior conviction is not an essential element of the subsequent offense, and need not be alleged in the indictment or proved as a matter of fact." Id., at syllabus. However, in that case, the State had filed a complaint against the defendant, Allen, under R.C. 4511.19(A)(1), further alleging that Allen had had two previous drunk driving convictions within the previous five years. The trial court, over defense objection, revealed to the jury that Allen had had two previous convictions of the same offense. The Supreme Court thus opined: "* * * [N]either the statute under which [Allen] was convicted, R.C. 4511.19(A)(1), nor the relevant penalty statute, R.C. 4511.99(A)(3), provides that the degree of the offense is increased by virtue of the prior offenses. Only the penalty is enhanced. * * * Where, as here, the prior offense affects only the penalty, it is not an essential element of the subsequent offense, but strictly a sentencing consideration for the court. [Citation omitted]." Id. at 55.
 {¶ 11} In the case sub judice, the driving record was not introduced for the purposes of penalty enhancement, but as part of the state's case to prove the elements of driving under suspension, thus distinguishing this case from the circumstances in Allen. In State v. Thorn (Oct. 6, 1999), Wayne App. No. 99CA0013, the Ninth District Court of Appeals addressed a similar issue in regard to a defendant who was charged with driving under suspension in violation of R.C. 4507.02(D)(2), which provided: "No person, whose driver's or commercial driver's license or permit or nonresident operating privilege has been suspended under division (B) of section 4507.16 of the Revised Code, shall operate any motor vehicle upon the highways or streets within this state during the period of suspension. * * *" The court inThorn noted: "R.C. 4507.16(B) requires that the suspension be based upon a driving under the influence conviction pursuant to R.C. 4511.19(A). Therefore, in order to satisfy each material element of R.C. 4507.02(D)(2), the state was required to prove not just that Thorn's license had been suspended, but that it had been suspended for driving under the influence of alcohol or drugs, and that Thorn had operated a motor vehicle upon an Ohio highway or street while the suspension was still in effect." The court further found that Thorn could have stipulated to the prior conviction and license suspension, but since he had refused to do so, he could not complain on appeal that the journal entry revealing his prior conviction had improperly gone before the jury. Id. at 2.
 {¶ 12} Although in the case sub judice we are herein dealing with a comparatively larger number of past OMVI convictions against appellant, we conclude, as in Thorn, that appellant's decision not to stipulate to the DUS charge created a situation in which the prosecutor had little choice but to submit the driving record evidence in support of the elements of driving under suspension. Nonetheless, appellant argues that the court's decision to disallow testimony concerning appellant's past driving record, yet allow the exhibit containing appellant'scomplete unredacted driving record to go to the jury, was contradictory and prejudicial. Appellant's Brief at 8. The trial court explained its decision as follows:
 {¶ 13} "That document I'm going to let in as is without redacting anything out because the document itself is authenticating. It is an official document from the Bureau of Motor Vehicles, so although I think you didn't get the testimony, I mean, you were able to keep the testimony out for that purpose. That is an official document of the defendant's driving record, and I think the statute does provide for it to come in as is." Tr. at 186.
 {¶ 14} It thus appears the basis for the allowance of the exhibit was the court's reluctance to redact portions of a BMV records exhibit certified with the seal of the Motor Vehicle Registrar of Ohio. However, because we find the introduction of the exhibit harmless error under the facts of this case, we need not reach the issue of whether some level of redaction would have been proper. In order to determine whether the admission of evidence of prior convictions is prejudicial, an appellate court evaluates the relationship between that evidence and the totality of other evidence properly introduced by the prosecution at trial. State v. Werfel, Lake App. Nos. 2002-L-101, 2002-L-102, 2003-Ohio-6958, ¶ 43, citing State v. Moissis, Lake App. No. 2000-L-187, 2002-Ohio-4955, ¶ 46. If there is other overwhelming evidence of guilt, the admission of the testimony regarding the facts of the past convictions will be deemed harmless error. Id., citing State v. Henton (1997), 121 Ohio App.3d 501, 508.
 {¶ 15} The record reveals the detailed testimony of State Trooper Sean Eitel, who responded to the scene. Trooper Eitel observed and conversed with appellant at the Green Tea Room parking lot, and initiated a field sobriety test, the results of which appellant does not presently dispute. Terry Brock, who was also leaving the raceway on the night in question and was right behind appellant's vehicle, testified that the Contour was being driven by a person with a yellow sweatshirt and a ball cap, and that a female with long hair was in the passenger seat. Tr. at 107. Brock took off after the Contour after the collision. Because of traffic, Brock had to turn around and come back after seeing the Contour at the Green Tea Room, a process which took less than a minute. Tr. at 113. Brock then observed a man with a yellow shirt and ball cap getting out of the Contour. Id. Brock identified the man in the yellow shirt as the appellant at trial. Tr. at 119.
 {¶ 16} In addition, Brock's brother-in-law, Henry Hogg, who was riding in Brock's vehicle, testified he saw a man with a baseball cap and "a bright yellow sweatshirt" driving the Contour. Tr. at 133. Hogg, who placed the cell phone call to police, then saw this individual standing by the Contour's driver's side door at the bar parking lot as Brock's car arrived. Tr. at 139. Hogg likewise identified this man as appellant. Id.
 {¶ 17} Appellant's sole defense at trial was that he was not the driver of the Contour, but that it was his girlfriend, Angela Miller. Miller testified accordingly as a defense witness, although she admitted that she and appellant had taken a cooler of beer to the raceway that night, and that she had consumed "more than two, less than ten probably." Tr. at 199. We note Miller also recalled appellant wearing a yellow sweatshirt and baseball cap. Tr. at 202. Upon review, we find the admission of the driving record evidence to be harmless error due to the overwhelming evidence, in the record, establishing that appellant was driving the Contour as it exited the raceway, in violation of R.C. 4511.19(A)(1).
 {¶ 18} Appellant's sole Assignment of Error is therefore overruled.
 {¶ 19} For the reasons stated in the foregoing opinion, the judgment of the County Court of Muskingum County, Ohio, is hereby affirmed.
Hoffman, P.J., and Farmer, J., concur.