JOURNAL ENTRY AND OPINION
{¶ 1} Defendant-appellant Terry Page ("defendant") challenges his convictions for having a weapon while under disability and for misdemeanor assault. For the reasons that follow, we affirm.
 {¶ 2} Defendant was accused of robbing two individuals at gunpoint on January 12, 2002, in Case No. CR-419412. One of the victims testified that defendant entered an apartment in a boarding-style building on Thames Avenue and asked him for beer and cigarettes. Later, defendant returned asking for more beer but was refused. Defendant came back a third time brandishing a gun and demanding the victims give him their money. Defendant shot a bullet into the ceiling. The victims gave him their money and defendant left. Police who responded to the victims' complaint observed what appeared to be a bullet hole in the ceiling of the apartment.
 {¶ 3} In a separate and unrelated incident, a female victim accused defendant of raping and assaulting her in an apartment boarding house on Thames Avenue. According to the victim, defendant entered her apartment, grabbed her, forcibly raped her, and then hit her in the face. The victim observed her attacker's face during the entire assault that took place in the morning for approximately half an hour. Nine days after the attack, the victim described her assailant to police as follows: about a six-foottwo-inch male, approximately 29 years old, short haircut, medium brown complected with bumps on his face, between 180 and 190 pounds with a big nose.
 {¶ 4} On May 6, 2003, trial proceeded on the robbery and related charges against defendant in Case No. CR-419412. Defendant waived his right to a jury trial on the charge of having a weapon while under disability, and the remaining counts proceeded before a jury. Defendant stipulated to the prior conviction specifications contained in all counts of the indictment. Defendant agreed that State's Exhibits 7 and 8 were true and accurate, certified copies of his prior convictions and further stipulated to their authenticity and admissibility. At no time did defendant ever claim he was not the Terry Page referred to in the prior conviction specifications. During argument on his motion for acquittal, defendant again admitted he had a prior conviction.
 {¶ 5} In Case No. CR-419003, defendant moved to suppress testimony of an out-of-court identification he claimed was the result of an impermissibly suggestive photographic array. After conducting an evidentiary hearing, the trial court denied that motion. On July 21, 2003, trial proceeded on the rape and related charges in Case No. CR-419003. A jury found defendant guilty of misdemeanor assault.
 {¶ 6} Defendant appeals from his convictions in Case Nos. CR-419412 and CR-419003, raising two assignments of error.
 {¶ 7} "I. Terry Page has been deprived of his liberty without due process of law by his conviction of having a weapon while under a disability in CR-419412, because it was not supported by sufficient evidence to prove him guilty beyond a reasonable doubt."
 {¶ 8} This assignment of error lacks merit. Defendant admits he stipulated to the prior conviction specifications of the indictment, including those specified with the having weapons while under disability charge.[1] Defendant reiterated during his argument for acquittal that he had admitted the prior conviction element of having a weapon while under disability. At no time did defendant deny that he was the subject of those convictions nor did he suggest some other Terry Page was the person convicted of those crimes. If mistaken identity was an issue, defendant should have brought that to the attention of the trial court or at least qualified his stipulation accordingly.[2] Defendant's stipulation evidenced his concession to all the aspects of the prior conviction specification, including his identity as the offender. It would be unreasonable to find otherwise.
 {¶ 9} Assignment of Error I is overruled.
 {¶ 10} "II. Terry Page was deprived of his liberty without due process of law in CR-419003, when the trial court permitted testimony about an out-of-court identification which was made using a suggestive photographic array."
 {¶ 11} A reviewing court is bound to accept the trial court's findings of fact in ruling on a motion to suppress if the findings are supported by competent, credible evidence. State v. Klein (1991),73 Ohio App.3d 486. However, the reviewing court must independently determine, as a matter of law, without deference to the trial court's conclusion, whether the trial court's decision meets the appropriate legal standard. State v. Claytor (1993), 85 Ohio App.3d 623, 627.
 {¶ 12} The defendant bears the initial burden of establishing that the photographic identification procedure was unnecessarily suggestive. If the defendant meets this burden, the court must consider whether the procedure was so unduly suggestive as to give rise to irreparable mistaken identification. State v. Wills (1997), 120 Ohio App.3d 320, 324-325, citing Manson v. Brathwaite (1977), 432 U.S. 98, 114; State v. Garner
(1995), 74 Ohio St.3d 49, 61.
 {¶ 13} The court must determine whether the photographic identification procedure was "so impermissibly suggestive as to give rise to a very substantial likelihood of irreparable misidentification."Simmons v. United States (1968) 390 U.S. 377, 384.
 {¶ 14} The Supreme Court instructs courts to consider the following factors with regard to potential misidentification: "the opportunity of the witness to view the criminal at the time of the crime, the witness' degree of attention, the accuracy of the witness' prior description of the criminal, the level of certainty demonstrated by the witness at the confrontation, and the length of time between the crime and the confrontation * * *." Neil v. Biggers (1972), 409 U.S. 188, 199-200. The court must review these factors under the totality of the circumstances. Id. And, "although the identification procedure may have contained notable flaws, this factor does not, per se, preclude the admissibility of the identification." See State v. Browner, Scioto App. No. 99CA2688, 2001-Ohio-2518, citing State v. Merrill (1984), 22 Ohio App.3d 119,121; State v. Moody (1978) 55 Ohio St.2d 64, 67.
 {¶ 15} In this case, the photo array consisted of five pictures. Defendant contends the array was unnecessarily suggestive, and believes his picture stands out from the rest, because he is the only one without a moustache, the only one with his "head cocked to one side," and is the oldest person in the array. For the reasons that follow, we disagree.
 {¶ 16} The victim testified that she had ample opportunity to observe her assailant. She indicated that she had seen defendant a couple of days before the attack. On the day of the incident, defendant entered the victim's apartment and did not try to hide his identity. The victim observed the defendant during the course of the assault, which lasted about 30 minutes or more during the daytime. There was nothing covering the defendant's face. In court, the victim recalled that she described her assailant as tall, dark-skinned, black, with a big nose. The victim confirmed that she had previously described her attacker to police as being a six-foot-two-inch male, approximately 29 years old, short haircut, medium brown complected with bumps on his face, between 180 and 190 pounds with a big nose.
 {¶ 17} The victim looked through "quite a few" photographs at the police station on October 26, 2001, but was unable to identify her attacker. Subsequently, police presented her with a photographic array of five individuals, from which she identified defendant as her assailant. The victim had no problem identifying defendant. The victim's testimony reflects she was certain she made a proper identification. The victim did not say she selected defendant's photograph for any of the reasons articulated by defendant, i.e., lack of moustache, cocked head, or age.
 {¶ 18} We have reviewed the photographic array and do not find it unnecessarily suggestive. Each of the individuals have some unique characteristics but all also share similar features. The fact that defendant may have less facial hair is not impermissibly suggestive, particularly when the victim's description was not specific on that point. The alleged age disparity between defendant (aged 40) and the other individuals (allegedly aged 20) is really not apparent from the photos. Nonetheless, we find this distinguishing factor would have weighed in defendant's favor, since the victim estimated her attacker's age as 29. Lastly, defendant offers no authority that would support his contention that the tilt of his head would render the array impermissibly suggestive and we decline to adopt this theory.
 {¶ 19} Under these circumstances, we find that the photo array was not "unnecessarily suggestive" and the victim's identification of the defendant was reliable. Accordingly, the trial court did not err in denying defendant's motion to suppress.
 {¶ 20} Assignment of Error II is overruled.
Judgment affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The Court finds there were reasonable grounds for this appeal. It is ordered that a special mandate issue out of this Court directing the Court of Common Pleas to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Karpinski, J., and Corrigan, J., Concur.
[1] Prior to trial, the State amended count six (having a weapon while under disability) to reflect a prior conviction in Case No. CR-227926, which was misidentified as Case No. CR-228926.
[2] Defendant's reliance on State v. Henton (1997), 121 Ohio App.3d 501
is misplaced. In Henton, the issue was whether the trial court erred by allowing the State to introduce evidence to the jury of two prior convictions instead of just one. Henton did not require the court to resolve the scope of a defendant's stipulation to a prior conviction specification.