[Cite as *State v. Harris*, 2013-Ohio-5733.]

# Court of Appeals of Ohio

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

---

### JOURNAL ENTRY AND OPINION
### No.   99817

---

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## DEVAN HARRIS

DEFENDANT-APPELLANT

---

## JUDGMENT:
### AFFIRMED

---

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-566964

**BEFORE:**  E.A. Gallagher, P.J., McCormack, J., and E.T. Gallagher, J.

**RELEASED AND JOURNALIZED:**    December 26, 2013

**ATTORNEY FOR APPELLANT**

Edward M. Heindel
450 Standard Building
1370 Ontario Street
Cleveland, OH    44113

**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor

Adrienne E. Linnick
Assistant County Prosecutor
Justice Center, 8th Floor
1200 Ontario Street
Cleveland, OH 44113

EILEEN A. GALLAGHER, J.:

{¶1} Defendant-appellant Devan Harris appeals his convictions from the Cuyahoga County Court of Common Pleas. For the following reasons, we affirm.

{¶2} A true bill indictment was returned against Harris charging him with two counts of aggravated robbery, two counts of felonious assault, kidnapping and having weapons while under disability. With the exception of the having weapons while under disability charge, each count contained one- and three-year firearm specifications. Appellant pled not guilty to the charges and the case proceeded to a jury trial.

{¶3} The facts presented at trial were as follows: On September 14, 2012, Joseph Christburg was attending a party at a friend's home. He left the party around midnight and began traveling to the home of his girlfriend on Alcoy Road. He boarded a bus that took him to a station where he boarded a second bus that took him to Euclid and Alcoy where he disembarked. On both buses and at the bus station, Christburg noticed a male wearing black jeans, a black leather jacket with checkerboards and a Chicago White Sox baseball hat. On the second bus, the male sat approximately three seats behind Christburg. At Euclid and Alcoy, the male also exited the second bus and began to close the distance on foot between himself and Christburg as they approached Christburg's destination on Alcoy.

{¶4} Near the home of Christburg's girlfriend, the male called out to Christburg and said something about his phone. Christburg had never seen the man before. The man produced a black handgun, fired once and demanded Christburg give to him his personal belongings. Christburg grabbed the man as he approached and slammed him

to the ground. As the man fell, he shot Christburg in the stomach. The man's baseball hat fell off as a result of the collision and he fled on foot. Christburg alerted his girlfriend's family who called for an ambulance. Christburg identified Harris as the shooter at trial.

{¶5} Cleveland police responded to the scene and discovered the baseball hat. Christburg provided police with a description of the suspect that was broadcast to other officers in the area who then began to search for the assailant in the direction that Christburg had seen the man run. Within five minutes of the broadcast, Harris was discovered by police in an industrial area approximately half a mile from the scene of the crime. Harris was wearing a black and white checkered leather jacket. Harris did not have any weapons on his person and no weapons were recovered in the area.

{¶6} The Ohio Bureau of Criminal Investigation tested the baseball hat that had been recovered from the scene and found a mixture of DNA on the hat. However, the hat had a major profile that was much stronger than the minor profile. This prevalent DNA profile was consistent with the DNA of Harris such that the profile would occur in one in 68 quintillion, 70 quadrillion unrelated people.

{¶7} A gunshot residue test was performed on Harris but only one particle characteristic for gunshot primer residue was discovered on one of his hands. The test was inconclusive because more than one particle would be expected to be found on the hand of a person firing a weapon and the single particle may have come from a secondary transfer rather than the firing of a weapon.

{¶8}   Harris admitted to police that he was present on the buses that Christburg rode to Euclid and Alcoy.   Police interviewed Christburg two days after the shooting and administered a six-pack photo array.   Christburg identified a different man as his assailant.   At trial, Christburg maintained that Harris was the shooter and that he was under the influence of morphine and Demerol at the time of the photo array identification and that he simply selected a person who looked familiar to him.

{¶9}   Harris moved for acquittal of all charges pursuant to Crim.R. 29 and the trial court denied the motion.   The jury found Harris guilty as charged.   At sentencing, the trial court merged the gun specifications as well as all counts, with the exception of the having weapons while under disability charge, as allied offenses of similar import. The state elected to proceed to sentencing on the charge of aggravated robbery in violation of R.C. 2911.01(A)(1).   The trial court imposed a seven year prison term on the aggravated robbery charge to be served consecutively to a three-year term for the firearm specification.   The trial court also imposed a three-year prison term on the having weapons while under disability conviction and ordered that sentence to be served concurrently with the aggravated robbery sentence.   Harris' cumulative sentence was ten years. Harris timely appealed, presenting four assignments of error, the first of which states:

> I. The convictions for aggravated robbery, felonious assault, kidnapping, and having weapons under disability, were against the manifest weight of the evidence, and not supported by sufficient evidence.

{¶10} This court has said that, in evaluating a sufficiency of the evidence

argument, courts are to assess not whether the state's evidence is to be believed but whether, if believed, the evidence against a defendant would support a conviction. *State v. Givan*, 8th Dist. Cuyahoga No. 94609, 2011-Ohio-100, ¶ 13, citing *State v. Thompkins*, 78 Ohio St.3d 380, 386, 678 N.E.2d 541 (1997). The relevant inquiry then is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. *Id.*

{¶11} Harris does not challenge any particular element of any of the offenses for which he was convicted. His sole argument is that the state did not present sufficient evidence to establish his identity as the shooter. The state did, in fact, present such evidence in the form of Christburg's in-court identification of Harris, the discovery of Harris' DNA on the baseball hat recovered from the scene, Harris' admission that he was present on the buses where Christburg first took notice of him and Harris' apprehension just half a mile from the crime scene wearing clothing consistent with the description Christburg provided to police.

{¶12} Harris argues that Christburg's in-court identification of him was derived from unnecessarily suggestive procedures that had a likelihood of leading to a misidentification and thus violated his right to due process.

{¶13} Harris did not object to either the in-court identification or the out-of-court identification. Harris' failure to object to the identification testimony deprived the trial judge of any opportunity to rule on this issue. As a result, Harris has waived all but

plain error. *In re Reynolds*, 12th Dist. Madison No. CA95-10-034, 1996 Ohio App. LEXIS 2999 (July 8, 1996), citing *State v. Greer*, 39 Ohio St.3d 236, 246, 530 N.E.2d 382 (1988). An error constitutes plain error if it is obvious and affects a substantial right. *State v. Yarbrough*, 95 Ohio St.3d 227, 2002-Ohio-2126, 767 N.E.2d 216, ¶ 108. Plain error exists only where it is clear that the verdict would have been otherwise but for the error. *State v. Skatzes*, 104 Ohio St.3d 195, 2004-Ohio-6391, 819 N.E.2d 215, ¶ 52. Notice of plain error is to be taken with utmost caution, under exceptional circumstances, and only to prevent a manifest miscarriage of justice. *State v. Phillips*, 74 Ohio St.3d 72, 83, 656 N.E.2d 643 (1995).

{¶14} An identification derived from unnecessarily suggestive procedures, which have a likelihood of leading to a misidentification, violates a defendant's right to due process. *Neil v. Biggers*, 409 U.S. 188, 93 S.Ct. 375, 34 L.Ed.2d 401 (1972). In determining the admissibility of challenged identification testimony, a reviewing court applies a two-prong test: (1) did the defendant demonstrate that the identification procedure was unduly suggestive; and, if so, (2) whether the identification, viewed under the totality of the circumstances, is reliable despite its suggestive character. *State v. Harris*, 2d Dist. Montgomery No. 19796, 2004-Ohio-3570, ¶ 19, citing *State v. Wills*, 120 Ohio App.3d 320, 324, 697 N.E.2d 1072 (8th Dist.1997); *State v. Thompson*, 8th Dist. Cuyahoga No. 90606, 2009-Ohio-615, ¶ 32; *State v. Page*, 8th Dist. Cuyahoga No. 84341, 2005-Ohio-1493. If the pretrial confrontation procedure was not unduly suggestive, any remaining questions as to reliability go to the weight of the identification,

not its admissibility, and no further inquiry into the reliability of the identification is required. *Wills* at 325.

{¶15} The Supreme Court has set forth the following factors to consider regarding potential misidentification:

> "the opportunity of the witness to view the criminal at the time of the crime, the witness' degree of attention, the accuracy of the witness' prior description of the criminal, the level of certainty demonstrated by the witness at the confrontation, and the length of time between the crime and the confrontation * * *."

*Biggers* at 199-200.

{¶16} The court must review these factors under the totality of the circumstances. *Id.* Furthermore, "although the identification procedure may have contained notable flaws, this factor does not, per se, preclude the admissibility of the identification." *Page*, citing *State v. Merrill*, 22 Ohio App.3d 119, 121, 489 N.E.2d 1057 (8th Dist.1984); *State v. Moody*, 55 Ohio St.2d 64, 67, 377 N.E.2d 1008 (1978).

{¶17} We find no evidence of a suggestive pretrial procedure that gave rise to a faulty in-court identification. Harris' reliance upon *Foster v. California*, 394 U.S. 440, 89 S.Ct. 1127, 22 L.Ed.2d 402 (1969), is misplaced. In *Foster*, the witness could not positively identify the suspect in a lineup. The witness thought the suspect might be the correct man but was not sure. The suspect was brought into a room and placed across a table from the witness who was still uncertain the defendant was the correct man. A week later, the witness was shown a second lineup in which the defendant was the only person who had appeared in the first lineup. After the second lineup, the witness was

convinced the defendant was the correct man and identified him as such at trial.

{¶18}　　In this instance, Christburg was shown a single lineup and he chose someone other than Harris. When Christburg later inquired about the matter to police, he was informed that he had selected the wrong man.　Christburg testified that he circled the wrong man in the lineup because he was heavily medicated at the time.　There is no evidence that the lineup even contained Harris.　Presumably, Harris did not object to the introduction of the out-of-court identification because it was helpful to his case and harmful to the credibility of Christburg's in-court identification.　Harris certainly had an opportunity to challenge Christburg's credibility in this manner at trial.

{¶19}　Furthermore, the factors identified in *Biggers*, 409 U.S. 188, 93 S.Ct. 375, 34 L.Ed.2d 401 (1972), weigh against the potential for misidentification in this case. Christburg had ample opportunities to view Harris during both bus rides that they shared, their time at the bus station and the eventual confrontation.　The testimony at trial established that police obtained a description of the suspect from Christburg including the fact that the suspect was wearing a black jacket with "some sort of white in [it]." Christburg testified at trial that he was 100 percent positive that Harris was the shooter and provided an explanation for his inconsistent pretrial identification.

{¶20}　Finally, Harris argues that the eyewitness identification procedure used in the pretrial lineup violated R.C. 2933.83 in that the police failed to use a blind administrator.　Again, Harris failed to file a motion to suppress the pre-trial identification testimony that only undermined the credibility of Christburg's in-trial

identification. Regardless, the police testimony at trial revealed that a blind administrator was, in fact, used.

{¶21} We find no plain error in the admission of Christburg's identification testimony. Harris' argument that the state failed to present sufficient evidence of his identity as the shooter is without merit.

{¶22} Harris also argues that his convictions were against the manifest weight of the evidence. A manifest weight challenge questions whether the prosecution met its burden of persuasion. *State v. Byrd*, 8th Dist. Cuyahoga No. 98037, 2012-Ohio-5728, ¶ 27. When considering a manifest weight challenge, a reviewing court reviews the entire record, weighs the evidence and all reasonable inferences therefrom, considers the credibility of the witnesses and determines whether the finder of fact clearly lost its way. *State v. Jackson*, 8th Dist. Cuyahoga No. 86542, 2006-Ohio-1938, ¶ 29. A reviewing court may reverse the judgment of conviction if it appears that the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. *Id.*

{¶23} In light of the evidence presented at trial, particularly Christburg's extensive opportunity to view Harris prior to and during the commission of the offenses, Christburg's description of the suspect that culminated in Harris' arrest roughly half a mile away and the DNA evidence linking Harris to the scene of the crime, we cannot say that the finder of fact clearly lost its way in finding appellant guilty of the above offenses.

**{¶24}** Harris' first assignment of error is overruled.

**{¶25}** Harris' second assignment of error states:

II. The trial court erred when it found Harris competent to stand trial without complying with R.C. 2945.37(E).

**{¶26}** Harris argues that he did not stipulate to a competency report that found him competent to stand trial and that pursuant to R.C. 2317.36 the report could only be admitted if the person who made it testified. No such testimony occurred. We find no error because the record reflects that Harris did, in fact, stipulate to the report.

**{¶27}** Harris was referred for an evaluation of his competency to stand trial. The trial court received the competency report and held a competency hearing. The report found Harris to be competent to stand trial. The state stipulated to the report at the initial hearing, but the court continued the hearing to allow for Harris' counsel to further discuss the charges with him. When the court reconvened the hearing on competency, Harris' counsel noted that he had some reservations about his communication with Harris but admitted that he did not have anything to offer opposing the findings of the competency report. The trial court found Harris competent to stand trial and noted, without objection, that Harris had stipulated to the report. We find Harris' argument to be without merit.

**{¶28}** Harris' second assignment of error is overruled.

**{¶29}** Harris' third assignment of error states:

III. The trial court erred when it did not require police compliance with R.C. 2933.83(B) in regards to the out-of-court photo array, and it did not issue a limiting instruction to the jury regarding the non-compliance.

**{¶30}** In Harris' first assignment of error, we noted that Harris did not object to the out-of-court identification testimony, that such testimony was in fact harmful to the state's case rather than Harris and that a blind administrator was used. We concluded that no plain error existed in regards to this testimony.

**{¶31}** In this assignment of error, Harris further argues that the trial court should have provided a jury instruction pursuant to R.C. 2933.83(C)(3) explaining that the jury may consider credible evidence of noncompliance with R.C. 2933.83 in determining the reliability of any eyewitness identification resulting from or related to the lineup.

**{¶32}** Under R.C. 2933.83(C)(1), evidence of a failure to comply with the required protocol "shall be considered by trial courts in adjudicating motions to suppress eyewitness identification resulting from or related to the lineup." "R.C. 2933.83(C)(1), however, does not provide an independent basis upon which to suppress evidence, and a trial court errs in solely relying on the statute in suppressing an identification." *State v. Alexander*, 8th Dist. Cuyahoga No. 98941, 2013-Ohio-2533, ¶ 27, quoting *State v. Sails*, 2d Dist. No. 24733, 2012-Ohio-4453, ¶ 30. Rather, the "penalty" for failure to comply with R.C. 2933.83 is that "the jury shall be instructed that it may consider credible evidence of noncompliance in determining the reliability of any eyewitness identification." *Id.* at ¶ 31; R.C. 2933.83(C)(3).

**{¶33}** R.C. 2933.83(C)(3) provides:

(3) When evidence of a failure to comply with any of the provisions of this section, or with any procedure for conducting lineups that has been adopted by a law enforcement agency or criminal justice agency pursuant to

division (B) of this section and that conforms to any provision of divisions (B)(1) to (5) of this section, is presented at trial, the jury shall be instructed that it may consider credible evidence of noncompliance in determining the reliability of any eyewitness identification resulting from or related to the lineup.

{¶34} In the present instance, we note that Harris did not move to suppress the out-of-court identification, the identification weakened the state's case rather than his own and that Harris did not object to the jury instructions or request an instruction pursuant to R.C. 2933.83(C)(3). Even ignoring all of these deficiencies the instruction that Harris now argues the trial court should have provided is inapplicable to the present instance because Harris was not identified in the out-of-court photo array. The in-court identification of Harris was not a result from, or related to, the lineup. Furthermore, the jury was presented with clear evidence undermining the reliability of the out-of-court identification in that the state admitted that Christburg selected a different person as his assailant. It is unclear why Harris would be entitled to the above instruction further undermining identification testimony that was in his favor. The out-of-court identification testimony merely provided Harris with an opportunity to attack the credibility of Christburg's in-court identification.

{¶35} Harris' third assignment of error is overruled.

{¶36} Harris' fourth assignment of error states:

IV. The trial court committed plain error when it failed to provide the jury with a limiting instruction that Harris' prior conviction for drug possession could be used solely for the purpose of determining whether the state proved the charge of having a weapon under disability, and not as corroborating evidence of his guilt on the other charges.

{¶37} In his final assignment of error, Harris argues that the trial court committed plain error by not providing a limiting instruction to the jury regarding his prior conviction of possession of illegal drugs that was stipulated to by the parties for the purpose of proving the having weapons while under disability charge. Because appellant did not object to the jury instructions, we review this claim for plain error. *State v. Leonard*, 8th Dist. Cuyahoga No. 98626, 2013-Ohio-1446, ¶ 32; Crim.R. 30(A). Under Crim.R. 52(B), a plain error affecting a substantial right may be noticed by an appellate court even though it was not brought to the attention of the trial court. An error rises to the level of plain error only if, but for the error, the outcome of the proceedings would have been different. *State v. Harrison*, 122 Ohio St.3d 512, 2009-Ohio-3547, 912 N.E.2d 1106, ¶ 61; *State v. Long*, 53 Ohio St.2d 91, 97, 372 N.E.2d 804 (1978). Notice of plain error "is to be taken with the utmost caution, under exceptional circumstances, and only to prevent a manifest miscarriage of justice." *Id*.

{¶38} Upon review of the record, we find that Harris has failed to demonstrate that the trial court's failure to, sua sponte, give the jury a limiting instruction affected his substantial rights. The prosecutor did not question the witnesses about the prior conviction and the sole reference to the prior conviction during closing arguments was not inappropriate because it was strictly within the context of the elements of the having weapons while under disability charge. So as to further foreclose any confusion regarding the limited purpose of the stipulation, the trial court reiterated the basic components of the stipulated offense within the context of its instructions directly related

to the charge of having weapons while under disability. As discussed above, significant direct and circumstantial evidence was presented demonstrating Harris' identity as Christburg's assailant. We have previously rejected plain error arguments where a trial court failed to provide a limiting instruction under similar conditions. *See*, *e.g.*, *State v. Gibson*, 8th Dist. Cuyahoga No. 92275, 2009-Ohio-4984; *State v. Blackman*, 8th Dist. Cuyahoga No. 95168, 2011-Ohio-2262. On these facts, the trial court's failure to issue a limiting instruction did not rise to the level of plain error.

{¶39} Harris' fourth assignment of error is overruled.

{¶40} The judgment of the trial court is affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the lower court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. The case is remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
EILEEN A. GALLAGHER, PRESIDING JUDGE

TIM McCORMACK, J., and
EILEEN T. GALLAGHER, J., CONCUR